UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIRST COLONIAL INSURANCE COMPANY and STONCOR GROUP, INC., Plaintiffs, | Civil Action No. 06-3998(NLH) |
| v. | **OPINION** |
| CUSTOM FLOORING, INC. and FARMERS INSURANCE EXCHANGE COMPANY, Defendants. | |

**APPEARANCES:**

Sean T O'Meara, Esquire
Archer & Greiner, PC
One Centennial Square
Haddonfield, NJ 08033

   *Attorney for Plaintiffs*

Brian P. Graffeo, Esquire
Lewis Brisgois Bisgaard & Smith
199 Water Street
25th Floor
New York, NY 10038

   *Attorneys for Defendant Farmers Insurance Exchange Company*

**HILLMAN, District Judge**

This matter has come before the Court on Defendant Farmers Insurance Exchange Company's motion to dismiss Plaintiffs' Complaint for lack of personal jurisdiction, or in the alternative, for *forum non conveniens*. For the reasons expressed below, Defendant's motion will be adjourned for twenty days.

**BACKGROUND**

This insurance coverage dispute arises out of an allegedly

faulty installation of a floor in a building in New Brighton, Minnesota.  Plaintiff, StonCor Group, Inc., was hired by the building's owner and acted as the principal contractor on the floor installation project.  StonCor then subcontracted the installation work to independent outside contractors, including Defendant Custom Flooring, Inc.  According to StonCor's Complaint, as part of their subcontracting agreement, Custom Flooring agreed to hold StonCor harmless from any liability and to maintain full insurance coverage.  Custom Flooring obtained an insurance policy from Defendant Farmers Insurance Exchange Company, and StonCor was named as an additional insured.

Due to defects in the floor installation, the facility owner sued StonCor in Minnesota.  StonCor tendered its defense to its insurance company, Plaintiff First Colonial Insurance Company.  First Colonial accepted the tender, provided a defense, and the case settled.  According to StonCor's Complaint, pursuant to the indemnification provision in Custom Flooring's Farmers' policy, First Colonial requested reimbursement of the settlement amount and its attorneys fees and costs, but Farmers refused its request.

StonCor and First Colonial, through its subrogation rights, have filed the instant action seeking a declaratory judgment for the monies expended in the Minnesota action, as well as attorneys fees and costs associated with bringing this action.  Farmers has

now moved to dismiss the Plaintiffs' Complaint for lack of personal jurisdiction, or, in the alternative, *forum non conveniens*.

## DISCUSSION

StonCor is a corporation organized and existing under the laws and regulations of the State of Delaware and maintains its headquarters in Maple Shade, New Jersey.  First Colonial is an insurance company organized and existing under the laws and regulations of the State of Vermont and maintains offices in Medina, Ohio and Burlington, Vermont.  According to Plaintiffs' Complaint, Custom Flooring is a corporation organized and existing under the laws and regulations of the State of Missouri and maintains offices in Missouri and Illinois.  Also according to Plaintiffs' Complaint, Farmers is a California corporation with its principal place of business in California, and it is licensed to do business in New Jersey.  Based on this alleged diversity of citizenship of the parties, as well as the claim that the amount in controversy exceeds $75,000, Plaintiffs invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1332.

In its brief in support of its motion to dismiss for lack of personal jurisdiction, Farmers states that it is not a resident of New Jersey, but rather a "reciprocal insurance exchange operated under California law with its headquarters in California."  Additionally, Farmers states that it does not write

or collect premium in the State of New Jersey, and it does not have any appointed agents authorized to sell Farmers insurance in the State of New Jersey. Farmers further states that the claim arises out of an underlying suit in Minnesota over defects in a Minnesota project, and that Farmers insurance policy arises under Illinois law. Based on these considerations, Farmers argues that the Court cannot exercise personal jurisdiction over it because it does not have the requisite minimum contacts with the State of New Jersey, and that the exercise of jurisdiction over Farmers would not comport with traditional notions of fair play and substantial justice.

In their opposition, Plaintiffs argue that Farmers does have the requisite contacts with New Jersey. They contend that Farmers has: (1) been a licensed insurer in the State of New Jersey for fifty-three years, (2) collected premiums in the state over the course of several years, (3) paid claims losses to insureds as a result of conducting business in the state over several years, (4) designated the New Jersey Commissioner of Insurance as its agent for service of process regarding all insurance matters in the State of New Jersey, (5) affirmatively undertook to comply with the insurance laws and regulations of the State of New Jersey, (6) knowingly agreed to make a New Jersey corporation, StonCor, an additional insured on Custom Flooring's insurance policy, and (7) knew that it was insuring a

New Jersey company, that the policy was not for a limited purpose, that the policy's territory included the State of New Jersey, and that Farmers' breach of its obligations under the policy caused a New Jersey insured to incur damages in New Jersey.

Changing course, in reply to Plaintiff's opposition, Farmers contends that Plaintiffs' opposition proves that Farmers is a citizen of New Jersey, and because StonCor is also a citizen of New Jersey, diversity is destroyed and the case must be dismissed for lack of subject matter jurisdiction. In its moving papers, however, Farmers states that it is not a citizen of New Jersey. Despite Plaintiffs' response that Farmers has mischaracterized their proof supporting personal jurisdiction as evidence of Farmers' citizenship, this contradiction over Farmers' citizenship must be resolved because a court has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction when it is in question. See Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir. 2003).

The citizenship of unincorporated associations, such as reciprocal insurance associations, is the citizenship of each of its members. See, e.g., Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980) ("Although corporations suing in diversity long have been "deemed" citizens, . . . unincorporated associations remain mere collections of individuals. When the 'persons composing

such association' sue in their collective name, they are the parties whose citizenship determines the diversity jurisdiction of a federal court." (citations omitted)); Plechner v. Widener College, Inc., 569 F.2d 1250, 1261 (3d Cir. 1977) (finding that the unincorporated American Bar Association was a citizen of all fifty states because even though its headquarters was in Chicago, Illinois, its members were citizens of all fifty states); George H. Draper, III, Inc. v. Canners Exchange Subscribers at Warner Inter-Insurance Bureau, 294 F. Supp. 1362, 1363-64 (D. Del. 1968) (citing United Steelworkers of America, AFL-CIO v. R. H. Bouligny, Inc., 382 U.S. 145 (1965)) (holding that a reciprocal insurance association is possessed with the citizenship of each of its subscribers for jurisdictional purposes).  Farmers states that it is a "reciprocal insurance exchange operated under California law with its headquarters in California."  (Def. Motion at 1.)  As such, Farmers is a citizen of all states in which it has members.  The dispositive question is, then, whether Farmers has any members in New Jersey.

In its papers, Farmers does not affirmatively answer that question.  Rather, it states:

> Plaintiffs seek to contradict the sworn testimony of [Farmers] that it does not sell insurance in New Jersey by reproducing unexplained reports indicating that [Farmers] characterized small amounts of its premiums and losses as New Jersey premiums and losses.  They point out that [Farmers] issued a certificate showing StonHard (which they say is the same company as

6

> Plaintiff StonCor) as an insured located in New Jersey. From this, Plaintiffs conclude that Farmers is a resident of New Jersey and has long sold insurance to New Jersey citizens. If that argument were true, it would prove that [Farmers] is a New Jersey citizen, depriving this Court of diversity jurisdiction. . . . [I]f Plaintiffs' interpretation of the facts in this case and of the filings it located were true, there would be no diversity jurisdiction.

(Def. Reply at 3-4.)

Subject matter jurisdiction cannot be based on a defendant's interpretation of a plaintiff's interpretation of the defendant's citizenship. Rather, both the plaintiff and defendant have an obligation, pursuant to Federal Civil Procedure Rule 11 and New Jersey Professional Conduct Rule 3.3, to proceed with candor to the Court. Farmers cannot hide its citizenship, and Plaintiffs cannot ask the Court to ignore it.

Even though Farmers has sought the alternative relief of dismissal based on *forum non conveniens*, and a court may consider a motion based on *forum non conveniens* prior to determining whether subject matter jurisdiction exists, determining which issue to address first is left to the discretion of the district court. See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 127 S. Ct. 1184, 1194 (2007) (holding that if "a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground. In the mine run of cases, jurisdiction will involve no

arduous inquiry and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum should impel the federal court to dispose of those issues first. But where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course" (citations and quotations omitted)).  Here, it appears that subject matter jurisdiction can be readily determined.  Accordingly, Farmers is instructed to file with the Court, within ten days of the date of the accompanying Order, a letter brief setting forth its citizenship.  Plaintiffs will have an additional ten days to respond to Farmers' submission.  The Court will then determine whether subject matter jurisdiction exists, and if it is determined that subject matter jurisdiction is not lacking, Farmers' motion to dismiss for lack of personal jurisdiction or, in the alternative, *forum non conveniens*, will be decided.

Dated: April 17, 2007                    s/ Noel L. Hillman

At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.