```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| FIRST COLONIAL              : | Civil Action No. 06-3998(NLH) |
| INSURANCE COMPANY           : | |
| and STONCOR GROUP, INC.,    : | |
|         Plaintiffs,         : | |
|                             : | |
|         v.                  : | **OPINION** |
|                             : | |
| CUSTOM FLOORING, INC.       : | |
| and FARMERS INSURANCE       : | |
| EXCHANGE COMPANY,           : | |
|         Defendants.         : | |
|                             : | |

**APPEARANCES:**

Sean T. O'Meara, Esquire
Archer & Greiner, PC
One Centennial Square
Haddonfield, NJ 08033

    *Attorney for Plaintiffs*

Brian P. Graffeo, Esquire
Lewis Brisgois Bisgaard & Smith
199 Water Street
25th Floor
New York, NY 10038

    *Attorneys for Defendant Farmers Insurance Exchange Company*

John Donovan Shea, Esquire
Litchfield Cavo, LLP
1800 Chapel Avenue West
Suite 360
Cherry Hill, NJ 08002

    *Attorneys for Defendant Custom Flooring, Inc.*

**HILLMAN, District Judge**

This matter originally came before the Court on Defendant Farmers Insurance Exchange Company's motion to dismiss Plaintiffs' Complaint for lack of personal jurisdiction, or in the alternative, for *forum non conveniens*. On April 17, 2007,

because the issue of Defendant Farmers' citizenship was raised in the parties' briefing, the Court Ordered Farmers to provide a supplemental brief stating its citizenship. While waiting for Farmers to submit its supplemental brief, Defendant Custom Flooring filed a motion to join in Farmers' motion to dismiss for forum non conveniens. The Court resolves below the issue of Farmers' citizenship and Farmers' and Custom Flooring's motions to dismiss.

## **BACKGROUND**[1]

This insurance coverage dispute arises out of an allegedly faulty installation of a floor in a building in New Brighton, Minnesota. Plaintiff, StonCor Group, Inc., was hired by the building's owner and acted as the principal contractor on the floor installation project. StonCor then subcontracted the installation work to independent outside contractors, including Defendant Custom Flooring, Inc. According to StonCor's Complaint, as part of their subcontracting agreement, Custom Flooring agreed to hold StonCor harmless from any liability and to maintain full insurance coverage. Custom Flooring obtained an insurance policy from Defendant Farmers Insurance Exchange Company, and StonCor was named as an additional insured.

---

[1] The background of this action and a discussion of the issues were set forth in the Court's April 17, 2007 Opinion. These sections of the Opinion are restated here for reference, and modified based on developments in the case.

2

Due to defects in the floor installation, the facility owner sued StonCor in Minnesota. StonCor tendered its defense to its insurance company, Plaintiff First Colonial Insurance Company. First Colonial accepted the tender, provided a defense, and the case settled. According to StonCor's Complaint, pursuant to the indemnification provision in Custom Flooring's Farmers insurance policy, First Colonial requested reimbursement of the settlement amount and its attorneys fees and costs, but Farmers refused its request.

StonCor and First Colonial, through its subrogation rights, have filed the instant action seeking a declaratory judgment for the monies expended in the Minnesota action, as well as attorneys fees and costs associated with bringing this action. Farmers has moved to dismiss Plaintiffs' Complaint for lack of personal jurisdiction, or, in the alternative, *forum non conveniens*. Colonial has joined in on Farmers' motion to dismiss on *forum non conveniens* grounds.

## DISCUSSION

StonCor is a corporation organized and existing under the laws and regulations of the State of Delaware and maintains its headquarters in Maple Shade, New Jersey. First Colonial is an insurance company organized and existing under the laws and regulations of the State of Vermont and maintains offices in Medina, Ohio and Burlington, Vermont. According to Plaintiffs'

Complaint, Custom Flooring is a corporation organized and existing under the laws and regulations of the State of Missouri and maintains offices in Missouri and Illinois.  Also according to Plaintiffs' Complaint, Farmers is a California corporation with its principal place of business in California, and it is licensed to do business in New Jersey.  Based on this alleged diversity of citizenship of the parties, as well as the claim that the amount in controversy exceeds $75,000, Plaintiffs invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1332.

In its brief in support of its motion to dismiss for lack of personal jurisdiction, Farmers states that it is not a resident of New Jersey, but rather a "reciprocal insurance exchange operated under California law with its headquarters in California."  Additionally, Farmers states that it does not write or collect premium in the State of New Jersey, and it does not have any appointed agents authorized to sell Farmers insurance in the State of New Jersey.  Farmers further states that the claim arises out of an underlying suit in Minnesota over defects in a Minnesota project, and that Farmers insurance policy arises under Illinois law. Based on these considerations,  Farmers argues that the Court cannot exercise personal jurisdiction over it because it does not have the requisite minimum contacts with the State of New Jersey, and that the exercise of jurisdiction over Farmers would not comport with traditional notions of fair play

4

and substantial justice.  In the alternative, Farmers, and by joinder Custom Flooring, argues that the action should be dismissed for *forum non conveniens* because (1) there is an alternate forum in the Illinois state court where related claims are already pending, (2) the underlying subject matter and evidence are all outside of the State of New Jersey, and (3) resolving related matters in a single forum serves the public interest.

In their opposition, Plaintiffs argue that Farmers does have the requisite contacts with New Jersey.  They contend that Farmers has: (1) been a licensed insurer in the State of New Jersey for fifty-three years, (2) collected premiums in the state over the course of several years, (3) paid claims losses to insureds as a result of conducting business in the state over several years, (4) designated the New Jersey Commissioner of Insurance as its agent for service of process regarding all insurance matters in the State of New Jersey, (5) affirmatively undertook to comply with the insurance laws and regulations of the State of New Jersey, (6) knowingly agreed to make a New Jersey corporation, StonCor, an additional insured on Custom Flooring's insurance policy, and (7) knew that it was insuring a New Jersey company, that the policy was not for a limited purpose, that the policy's territory included the State of New Jersey, and that Farmers' breach of its obligations under the

5

policy caused a New Jersey insured to incur damages in New Jersey.

With regard to Farmers' and Custom's *non forum conveniens* argument, Plaintiffs contend that their motion must fail because (1) the present action involves different facts and allegations from the Illinois action, (2) they fail to prove that an adequate alternative forum exists, (3) under New Jersey law, courts give a plaintiff's choice of forum great deference, and (4) efficiency favors a New Jersey venue.

When the Court first addressed Farmers' motion, Farmers contended at this point in the briefing that Plaintiffs' opposition proved that Farmers is a citizen of New Jersey, and because StonCor is also a citizen of New Jersey, diversity was destroyed and the case must be dismissed for lack of subject matter jurisdiction.  Because a court has a continuing obligation to ensure its jurisdiction to hear a case, and because the citizenship of an unincorporated association, such as a reciprocal insurance association, is the citizenship of each of its members, see, e.g., Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980), the Court instructed Farmers to file a letter brief setting forth its citizenship in order to determine whether there was diversity of citizenship.  Farmers responded by stating that after a review of its records and zip code search of its members' addresses, it found no New Jersey zip codes.  Coupling that

6

finding with its statement that it does not solicit or authorize sales of insurance in New Jersey, it submits that it has no New Jersey members, and is therefore not a citizen of New Jersey.

The Court is satisfied that Farmers is not a citizen of New Jersey, and diversity jurisdiction exists. Thus, with the diversity of the parties' citizenship firmly established, it must be determined whether this Court has personal jurisdiction over Farmers and/or whether this is the appropriate forum for Plaintiffs' case.

A court may consider whether to dismiss a case based on *forum non conveniens* grounds without having to address personal jurisdiction issues. Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 127 S. Ct. 1184, 1192 (2007) ("A district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant."). A court has discretion to dismiss a case on *forum non conveniens* grounds when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems. Id. (citations omitted). "Dismissal for *forum non conveniens* reflects a court's assessment

of a range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." Id. (citation and quotations omitted). *Forum non conveniens* has been characterized as essentially "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." Id. (citation and quotations omitted). A defendant invoking *forum non conveniens* ordinarily bears a heavy burden, however, in opposing the plaintiff's chosen forum. Id.

How Plaintiffs came to file their action in this Court, as well as the background of the Illinois action, is instructive on the *forum non conveniens* issue. Currently, a very similar case concerning the Minnesota project is proceeding in Illinois state court, where Plaintiffs here are defendants there, but the case involves a different flooring subcontractor, Michaelin, Inc., and different insurance company, Pekin Insurance Company. For the Donatelle flooring project, in addition to its subcontract with Custom Flooring, StonCor also subcontracted with Michaelin.[2] Michaelin's insurer was Pekin, and StonCor was made an additional insured on the Pekin policy. When StonCor demanded reimbursement

---

[2]According to Custom Flooring, after Michaelin's faulty installation of the flooring at the Donatelle site, StonCor hired Custom Flooring to fix the problems.

8

of its costs for settling the Donatelle action from Custom Flooring, it also demanded reimbursement of the same costs from Michaelin. (Farmer's Ex. 8.) In January 2005, Pekin then filed a declaratory judgment action in Illinois state court, seeking a declaration that it did not have any obligation to its insured Michaelin to indemnify First Colonial or StonCor with respect to the Donatelle Action.

First Colonial and StonCor filed a counterclaim against Pekin, arguing that Pekin was liable for StonCor's costs in settling the Donatelle case because it was named as an additional insured on Michaelin's policy. First Colonial and StonCor also filed cross-claims against Michaelin, seeking indemnification for their costs in the Donatelle settlement. They also filed a third-party complaint against Custom Flooring, asserting that "[b]y virtue of this Third-Party Complaint, First Colonial and StonCor seek indemnification from Custom Flooring for the costs incurred by First Colonial in defending the Donatelle action, and for payment made by StonCor to settle the Donatelle action." (Custom's Ex. B, ¶ 8, First Colonial and StonCor's Illinois Third-Party Complaint.)[3]

---

[3] Plaintiffs' third-party complaint that they filed against Custom Flooring in Illinois contained claims identical to the ones Plaintiffs assert here--in both the Illinois action and this case, Plaintiffs filed: 1) a declaratory judgment claim demanding that Custom Flooring and Farmers must reimburse them for their costs in settling the Donatelle action pursuant to its status as an additional insured on Custom Flooring's insurance policy, 2) a

9

In November 2005, Farmers, on behalf of Custom Flooring, filed a motion to dismiss First Colonial and StonCor's third-party complaint. During the pendency of that motion, in August 2006, First Colonial and StonCor dismissed their third-party complaint against Custom Flooring. Later that same month, First Colonial and StonCor filed the instant action.

Defendants argue that an alternative forum exists in Illinois because they are amenable to service there, and because of the pending Illinois action. Plaintiffs counter that no alternative forum exists because it would be subject to a statute of limitations defense, and because the Illinois action is factually dissimilar.

The alternative forum requirement is usually satisfied where the defendant is amenable to process in the another jurisdiction. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n.22 (1981) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506-07 (1947)). Where, however, the alternative jurisdiction cannot provide a satisfactory remedy, dismissal on *forum non conveniens* grounds is improper. Id. at 254. Custom Flooring and Farmers propose Illinois as an alternative forum, and they agree that they are amendable to service of process in Illinois. Plaintiffs do not dispute that Custom Flooring and Farmers may be served in

---

claim for indemnification, and 3) a claim for breach of contract.

Illinois, but they argue that because their claims would be subject to a statute of limitation defense in Illinois, Illinois cannot provide Plaintiffs with a satisfactory remedy, and therefore, it is not a viable alternative forum.  To support their argument, Plaintiffs state that Custom Flooring and Farmers had filed a motion to dismiss Plaintiffs' Illinois third-party complaint against them based on an Illinois statute of limitations, and if they had to re-file their case there, Custom Flooring and Farmers would renew their motion to dismiss.[4]

Plaintiffs' position demonstrates why their argument that no alternative forum exists must fail.  First, "[i]nadequacy of the alternative forum is rarely a barrier to *forum non conveniens* dismissal," and inadequacy of the alternative forum is typically a situation where "the alternative forum does not permit litigation of the subject matter of the dispute."  Id.[5]  The presence of a statute of limitations defense in the alternative

---

[4]With this argument, Plaintiffs appear to concede that if they had not voluntarily withdrawn their third-party complaint, it would have been dismissed for statute of limitations reasons.  Further, with this argument, Plaintiffs appear to concede that their Complaint here is identical to their third-party complaint in the Illinois action.

[5]Citing as an example, Phoenix Canada Oil Co. Ltd. v. Texaco, Inc., 78 F.R.D. 445 (D. Del. 1978), where the court refused to dismiss an action where the alternative forum was Ecuador and it was unclear whether the Ecuadorean tribunal would hear the case, and there was no generally codified Ecuadorean legal remedy for the unjust enrichment and tort claims asserted.

forum may possibly be deemed an "inadequacy," and Plaintiffs have cited to cases outside this Circuit that support such an argument, but the case here is different from, for example, a situation where a foreign country's law would bar jurisdiction,[6] or where a plaintiff's timely-filed complaint would be time barred in the alternative forum because of the running of the statute of limitations during the pendency of the defendant's motion to dismiss.[7]

    Here, the situation is completely different.  When Plaintiffs filed their third-party complaint against Custom Flooring and Farmers in Illinois, it was already subject to a statute of limitations defense.  Instead of waiting to hear the Illinois' judge's ruling on the matter, Plaintiffs withdrew their complaint and filed a virtually identical complaint here a few weeks later.  Plaintiffs cannot be permitted to withdraw a complaint to avoid dismissal based on a statute of limitations defense, re-file it in another court, and then use that same statute of limitations defense as sword to defeat a *forum non*

---

[6] See, e.g., Norex Petroleum Ltd. v. Access Industries, Inc., 416 F.3d 146, 159 (2d Cir. 2005); Bank of Credit and Commerce Int'l Ltd. v. State Bank of Pakistan, 273 F.3d 241, 244 (2d Cir. 2001).

[7] See, e.g., Seguros Comercial Americas S.A. De C.V. v. American President Lines, Ltd., 933 F. Supp. 1301, 1308 (S.D. Tex. 1996) (discussing a statute of limitations defense in the proposed alternative forum of Mexico that had matured since the plaintiff had commenced its action in Texas).

*conveniens* motion.[8]  Cf. Piper, 454 U.S. at 249 ("Gilbert has held that dismissal on grounds of *forum non conveniens* may be granted even though the law applicable in the alternative forum is less favorable to the plaintiff's chance of recovery.").

To answer the second part of the *forum non conveniens* analysis, the Supreme Court has "provided a list of 'private interest factors' affecting the convenience of the litigants, and a list of 'public interest factors' affecting the convenience of the forum."  Piper, 454 U.S. at 241 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)).  The private factors include:

> the "relative ease of access to sources of proof;
> availability of compulsory process for attendance of
> unwilling, and the cost of obtaining attendance of
> willing, witnesses; possibility of view of premises, if
> view would be appropriate to the action; and all other
> practical problems that make trial of a case easy,
> expeditious and inexpensive."

Id. (citing Gilbert, 330 U.S. at 508-09) (internal citations omitted).

The public factors include:

> the administrative difficulties flowing from court
> congestion; the "local interest in having localized
> controversies decided at home"; the interest in having
> the trial of a diversity case in a forum that is at
> home with the law that must govern the action; the

---

[8]This position also presents the question of whether the Illinois statute of limitations would bar Plaintiffs action here, since it appears that the parties agree that Illinois law would apply in this case.  The Court will not address this question, however, because Plaintiffs' action will be dismiss on *forum non conveniens* grounds.

>       avoidance of unnecessary problems in conflict of laws,
>       or in the application of foreign law; and the
>       unfairness of burdening citizens in an unrelated forum
>       with jury duty.

Id. (citing Gilbert, 330 U.S. at 508-09) (internal citations omitted).

Both the private and public factors weigh in favor of dismissal. Plaintiffs are seeking reimbursement of their costs for settlement of a lawsuit litigated in Minnesota concerning a Minnesota flooring project. The Minnesota lawsuit concerned StonCor's contract to perform the Minnesota flooring project, and its subcontracted work to a Missouri/Illinois company, Custom Flooring. The current lawsuit arises out of StonCor's requirement that Custom Flooring name it as an additional insured on its insurance policy, which was written by Farmers, a California corporation, and which is arguably governed by Illinois law. Other than the fact that StonCor's principle place of business is located in New Jersey, New Jersey has no connection to the facts and issues underlying this case. Additionally, none of the other parties involved is a citizen of New Jersey, and none of the events underlying this lawsuit occurred in New Jersey.

These considerations must be coupled with the existence of the Illinois action, which, although involving some different parties, concerns the same issues--indemnification for the faulty floor installation in the Minnesota project--and in which

14

Plaintiffs continue to be parties.  Add to the analysis the fact that Plaintiffs voluntarily withdrew their complaint against Custom Flooring and Farmers in the Illinois action in order to ostensibly avoid dismissal based on a statute of limitations defense, it is apparent that this Court is not the appropriate forum for this case.  See Piper, 454 U.S. at 249 n.15 (discussing Gilbert, which found that "dismissal may be warranted where a plaintiff chooses a particular forum, not because it is convenient, but solely in order to harass the defendant or take advantage of favorable law").

## CONCLUSION

"The *forum non conveniens* determination is committed to the sound discretion of the trial court."  Piper, 454 U.S. at 257.  Accordingly, for the reasons expressed above, Defendants' motions to dismiss Plaintiffs' Complaint for *forum non conveniens* must be granted.  An appropriate Order will be entered.


Dated: June 4, 2007                    s/ Noel L. Hillman

At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

15